UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EON SHEPHERD,

                Plaintiff,

-against-

SUPERINTENDENT W. KEYSER; CAPTAIN MAXWELL; OSI S. KEYSER; DEPUTY SUPERINTENDENT J. KROM; K-9-05 DOG; DSS SIPPLE TERWILLINGER; FHSD WOLLF; D. HINTON; C.O. ROSENBERG; JOHN/JANE DOE,

                Defendants.

21-CV-2363 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently incarcerated in Green Haven Correctional Facility, brings this action *pro se*. Plaintiff also requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). But in an order dated September 18, 2015, the United States District Court for the Northern District of New York found that Plaintiff was barred under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), from bringing federal civil actions IFP while he is a prisoner. *Shepherd v. Annucci*, No. 9:15-CV-0665, 11 (N.D.N.Y. Sept. 18, 2015). For the reasons discussed below, the Court dismisses this action without prejudice under the PLRA.

## DISCUSSION

### A.    The PLRA's "three-strikes" provision

    Congress adopted the PLRA with the purpose of deterring not only frivolous and malicious civil actions, but also actions that fail to state a claim on which relief may be granted. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1726 (2020). To serve this deterrent purpose, the PLRA added the following "three-strikes" provision to the IFP statute:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1]

Courts are entitled to raise any three-strikes issue on their own motion. *See Harris v. City of New York*, 607 F.3d 18, 23 (2d Cir. 2010) (holding that the three-strikes rule may be applied *sua sponte*, since the PLRA was intended to "give district courts greater power to protect their dockets from meritless lawsuits"); *see also Thompson v. DEA*, 492 F.3d 428, 435-36 (D.C. Cir. 2007) ("[E]vidence showing the grounds for prior dismissals . . . must be produced either by the defendant challenging the prisoner's IFP status or, when readily available, by the court itself"; "once such evidence has been produced, the ultimate burden of persuasion shifts back to the prisoner to explain why the past dismissals should not count as strikes"); *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) ("[O]nce a prisoner has been placed on notice of the potential disqualification under § 1915(g) by either the district court or the defendant, the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude *IFP* status.").

**B.     Courts have previously held that Plaintiff has three strikes**

On September 18, 2015, the United States District Court for the Northern District of New York issued an order in which it determined that Plaintiff had acquired at least three strikes and therefore was barred under § 1915(g) from proceeding IFP. *Shepherd v. Annucci*, No. 9:15-CV-0665, 11, at 3-4 (N.D.N.Y. Sept. 18, 2015) ("*Annucci I*"). The Northern District identified the following actions as strikes: *Shepherd v. Conroy*, No. 95-CV-8385 (S.D.N.Y. Oct. 2, 1995)

---

[1] A prisoner's federal civil action that is dismissed for failure to state a claim, but without prejudice, is still considered a strike for the purposes of the PLRA. *See Lomax*, 140 S. Ct. at 1726-27.

(dismissing the action under 28 U.S.C. § 1915(d) and certifying that any appeal would not be taken in good faith); *Shepherd v. Fraisher*, No. 96-CV-1525 (S.D.N.Y. Mar. 4, 1996) (dismissing the action under 28 U.S.C. § 1915(d) and certifying that any appeal would not be taken in good faith); and *Shepherd v. Harwood*, No. 96-CV-6413 (S.D.N.Y. Aug. 23, 1996) (dismissing the action under 28 U.S.C. § 1915(d) and certifying that any appeal would not be taken in good faith). Plaintiff did not challenge the district court's decision that he had three strikes, but instead paid the filing fees to proceed with the action.[2]

The Northern District's September 18, 2015 bar order was not the first, or only, time Plaintiff was put on notice that he had three strikes. By order dated August 20, 2015, then-Chief Judge Loretta Preska of the Southern District directed Plaintiff to show cause why the court should not revoke his IFP status because he had acquired three strikes. *Shepherd v. Annucci*, ECF 1:15-CV-4444, 6 (S.D.N.Y. Aug. 20, 2015) ("*Annucci II*"). That order identified the same three dismissals as potential strikes. On September 9, 2015, the court received a response from Plaintiff in which he did not challenge the court's finding that he had three strikes, but instead argued that he met § 1915(g)'s imminent danger exception. *See Annucci II*, ECF 1:15-CV-4444, 7. By order dated October 28, 2015, before the court determined whether Plaintiff was barred under 1915(g), Judge Preska transferred the action to the Western District of New York, in part because Plaintiff's claims of imminent danger arose from his incarceration in that District. *See Annucci II*, ECF 1:15-CV-4444, 8.

---

[2] The case proceeded to a jury trial and October 28, 2019, the jury found in favor of the defendants on all claims, except for Plaintiff's First Amendment Free-Exercise claim, on which it found in favor of Plaintiff. The jury awarded Plaintiff $1.00 in damages. *See Annucci I*, No. 9:15-CV-0665, 188.

3

Following the transfer, Judge Richard J. Arcara of the Western District of New York granted Plaintiff IFP status under the imminent danger exception to the three-strikes rule. *See Shepherd v. Annucci*, No. 6:15-CV-6654, 10 (W.D.N.Y.) ("*Annucci III*"). Defendants then filed a motion to dismiss on the grounds that Plaintiff had three strikes under 1915(g), had intentionally misled the court by not fully disclosing his litigation history, and did not meet the imminent danger exception. *See Annucci III*, No. 6:15-CV-6654, 27-27.3. In response, Plaintiff did not challenge the fact that the actions were dismissed on strike grounds, but instead argued that, because the actions were dismissed before the PLRA was enacted, they could not be counted as strikes. *See Annucci III*, No. 6:15-CV-6654, 32. By order dated July 5, 2017, and entered July 6, 2017, Judge David G. Larimer rejected Plaintiff's argument and held that the "record shows conclusively" that Plaintiff had acquired three strikes. *Annucci III*, No. 6:15-CV-6654, 40, at 2 (W.D.N.Y. July 5, 2017). In reaching this determination, the court conducted an independent review of each of the three actions and held that each dismissal counted as a strike. *Id.* at 2-3.

Judge Larimer also held that Plaintiff had misrepresented his litigation history by failing to include the three cases that had been determined to count as strikes. *See id.* at 4. The court further determined that "Plaintiff's litigation experience illustrates that his failure to disclose prior strike cases was not innocent, but an inexcusable misrepresentation to the Court." *Id.* (internal quotation marks and citations omitted). Finally, the court held that based on medical records submitted by defendants, Plaintiff did not meet the PLRA's imminent danger exception, which would have allowed him to proceed IFP, and granted the defendants' motion to dismiss.

Plaintiff appealed the district court's order of dismissal, and the Second Circuit appointed *pro bono* counsel to represent him on appeal. *See Shepherd v. Annucci*, No. 17-2261, Doc. 45 (2d. Cir. Mandate issued May 6, 2019). On appeal, Plaintiff argued that the district court erred in

4

considering materials outside the complaint to determine that he did not meet the imminent danger exception and that the district court lacked the inherent power to dismiss his complaint with prejudice due to his failure to disclose potential strikes. *See id.*, Doc. 73. The Second Circuit affirmed the district court's dismissal and judgment. *See id.*, Doc. 116. Although the specific issues before the court of appeals were related to the process the district court used in considering whether Plaintiff met the imminent danger exception, the Second Circuit accepted without question that Plaintiff had accumulated three strikes.

Plaintiff nevertheless continued to file actions seeking IFP status while incarcerated. By order dated December 3, 2020, Judge Eric Komittee of the United States District Court for the Eastern District of New York also reviewed Plaintiff's litigation history and, citing the same three cases, also held that Plaintiff was barred under § 1915(g). *See Shepherd v. Kings Cnty. Dist. Attny. Gonzales*, No. 20-CV-2675, 5 (E.D.N.Y. Dec. 3, 2020) ("*Gonzales*"). In holding that Plaintiff had three strikes, Judge Komittee concluded that "[e]ach of the above-cited cases was dismissed as frivolous, meaning that they were determined to 'lack an arguable basis in law or in fact.'" *Id.* at 2 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). The court's order gave Plaintiff 30 days to pay the filing fees or to show cause why he is not barred under § 1915(g). When Plaintiff failed to respond, the court denied his IFP application and dismissed the action under 1915(g). *Gonzales*, No. 20-CV-2675, 6 (E.D.N.Y. Feb. 5, 2021).[3]

**C.     This Court concludes Plaintiff has three strikes**

As an initial matter, it appears that the doctrine of issue preclusion (also known as "collateral estoppel") applies and bars Plaintiff from relitigating the issue of whether he has three

---

[3] On March 1, 2021, the court received a letter from Plaintiff stating that he recently paid the filing fees in that Eastern District of New York case. *Gonzales*, No. 20-CV-2675, 7. He does not contest the court's determination that he is barred under § 1915(g).

strikes. The doctrine of issue preclusion bars relitigation of a specific legal or factual issue in a second proceeding "where (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Grieve v. Tamerin*, 269 F.3d 149, 153 (2d Cir. 2001) (citation and internal quotation marks omitted). Principles of issue preclusion "serve important interests of the public and the courts in avoiding repetitive and potentially inconsistent decisions." *Id.* at 154 (citing *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming the district court's decision to raise collateral estoppel *sua sponte* in view of considerations of efficient judicial economy); Wright & Miller, 18 Fed. Prac. & Proc. Juris. § 4405 (3d ed. 2021) (collecting cases)).

Here, the elements of issue preclusion are satisfied. First, the issue raised in this action, whether Plaintiff is barred under § 1915(g), is identical to the issue raised in *Annucci I*, *Annucci II*, *Annucci III*, and *Gonzales*. Second, the issue was actually litigated and decided in each of those four cases. Third, Plaintiff has had a full and fair opportunity to litigate the issue. In *Annucci II* and *Annucci III*, for example, Plaintiff filed responsive pleadings in which he did not contest that he had three strikes, but instead argued that he met § 1915(g)'s imminent danger exception.

Finally, the determination that Plaintiff has three strikes was necessary to support a final judgment in *Annucci III* and *Gonzales*. Although the judgments in those cases were not "on the merits," they still preclude relitigation of the precise issue that led to the dismissal. *See* 18A Fed. Prac. & Proc. Juris. § 4436 ("Although a dismissal for lack of jurisdiction does not bar a second action as a matter of claim preclusion, it does preclude relitigation of the issues determined in

strikes. The doctrine of issue preclusion bars relitigation of a specific legal or factual issue in a second proceeding "where (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Grieve v. Tamerin*, 269 F.3d 149, 153 (2d Cir. 2001) (citation and internal quotation marks omitted). Principles of issue preclusion "serve important interests of the public and the courts in avoiding repetitive and potentially inconsistent decisions." *Id.* at 154 (citing *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming the district court's decision to raise collateral estoppel *sua sponte* in view of considerations of efficient judicial economy); Wright & Miller, 18 Fed. Prac. & Proc. Juris. § 4405 (3d ed. 2021) (collecting cases)).

Here, the elements of issue preclusion are satisfied. First, the issue raised in this action, whether Plaintiff is barred under § 1915(g), is identical to the issue raised in *Annucci I*, *Annucci II*, *Annucci III*, and *Gonzales*. Second, the issue was actually litigated and decided in each of those four cases. Third, Plaintiff has had a full and fair opportunity to litigate the issue. In *Annucci II* and *Annucci III*, for example, Plaintiff filed responsive pleadings in which he did not contest that he had three strikes, but instead argued that he met § 1915(g)'s imminent danger exception.

Finally, the determination that Plaintiff has three strikes was necessary to support a final judgment in *Annucci III* and *Gonzales*. Although the judgments in those cases were not "on the merits," they still preclude relitigation of the precise issue that led to the dismissal. *See* 18A Fed. Prac. & Proc. Juris. § 4436 ("Although a dismissal for lack of jurisdiction does not bar a second action as a matter of claim preclusion, it does preclude relitigation of the issues determined in

strikes. The doctrine of issue preclusion bars relitigation of a specific legal or factual issue in a second proceeding "where (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Grieve v. Tamerin*, 269 F.3d 149, 153 (2d Cir. 2001) (citation and internal quotation marks omitted). Principles of issue preclusion "serve important interests of the public and the courts in avoiding repetitive and potentially inconsistent decisions." *Id.* at 154 (citing *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming the district court's decision to raise collateral estoppel *sua sponte* in view of considerations of efficient judicial economy); Wright & Miller, 18 Fed. Prac. & Proc. Juris. § 4405 (3d ed. 2021) (collecting cases)).

Here, the elements of issue preclusion are satisfied. First, the issue raised in this action, whether Plaintiff is barred under § 1915(g), is identical to the issue raised in *Annucci I*, *Annucci II*, *Annucci III*, and *Gonzales*. Second, the issue was actually litigated and decided in each of those four cases. Third, Plaintiff has had a full and fair opportunity to litigate the issue. In *Annucci II* and *Annucci III*, for example, Plaintiff filed responsive pleadings in which he did not contest that he had three strikes, but instead argued that he met § 1915(g)'s imminent danger exception.

Finally, the determination that Plaintiff has three strikes was necessary to support a final judgment in *Annucci III* and *Gonzales*. Although the judgments in those cases were not "on the merits," they still preclude relitigation of the precise issue that led to the dismissal. *See* 18A Fed. Prac. & Proc. Juris. § 4436 ("Although a dismissal for lack of jurisdiction does not bar a second action as a matter of claim preclusion, it does preclude relitigation of the issues determined in

ruling on the jurisdiction question"; noting that the same principle applies to other bases for dismissal, such as venue and exhaustion); *see also Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n. 9 (1982) ("A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not . . . reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal."). Other courts have held that issue preclusion applies to bar relitigation of whether a prisoner has accumulated three strikes. *See Andrew v. Cervantes,* 493 F.3d 1047, 1057 n.11 (9th Cir.2006) ("[N]ormal preclusion principles will prevent a prisoner from avoiding the three-strike rule based on allegations rejected in an earlier case."); *Thomas v. Sepulveda*, No. 14-CV-1157, 2014 WL 5409064, at *2–3 (N.D. Cal., 2014) (holding that doctrine of collateral estoppel barred plaintiff from relitigating whether he had accumulated three strikes).

It therefore appears that relitigation of whether Plaintiff has three strikes is barred by the doctrine of issue preclusion.

In abundance of caution, however, the Court has conducted its own independent review of the dismissals relied upon by the Northern District. *See generally Escalera v. Samaritan Vill.*, 938 F.3d 380, 381-84 (2d Cir. 2019) (where the district court relied on another district court's previous order that concluded that the plaintiff had already accrued five strikes, reversing and remanding, after determining based on an independent review that three of the dismissals should not have been counted as strikes). Based on its review of the docket sheets,[4] the Court concludes

---

[4] The three dismissals determined to be strikes pre-date the court's electronic case management system, and therefore the orders themselves are not electronically available on the dockets. The Second Circuit has held that "[n]othing in the PLRA or the caselaw of this or other courts … suggests that courts have an affirmative obligation to examine actual orders of dismissal" when counting strikes. *Harris*, 607 F.3d at 23 (citing *Thompson*, 492 F.3d at 434-35;

7

that Plaintiff has brought at least three actions or appeals that have been dismissed as frivolous or malicious, or for failure to state a claim: [5]

1. *Shepherd v. Conroy*, No. 95-CV-8385 (S.D.N.Y. Oct. 2, 1995) (dismissed under 28 U.S.C. § 1915(d));

2. *Shepherd v. Fraisher*, No. 96-CV-1525 (S.D.N.Y. Mar. 4, 1996) (dismissed under 28 U.S.C. § 1915(d)); and

3. *Shepherd v. Harwood*, No. 96-CV-6413 (S.D.N.Y. Aug. 23, 1996) (dismissed under 28 U.S.C. § 1915(d)).

Each of these actions was dismissed under the old version of 28 U.S.C. § 1915(d). Before the PLRA amended the IFP statute in 1996, 28 U.S.C. § 1915(d) authorized a court to dismiss an IFP action "if the allegation of poverty is untrue, or if [the court is] satisfied that the action is frivolous or malicious." *See Neitzke*, 490 U.S. at 324. The Second Circuit has previously affirmed a district court's finding that a *sua sponte* dismissal under the old § 1915(d) constitutes a strike where "[s]everal aspects of the relevant docket sheet[] indicate" that the action was dismissed as frivolous. *Amaker v. Annucci*, 721 F. App'x 82, 85 (2d Cir. 2018).

The same factors that the Second Circuit pointed to as indicating a finding of frivolousness in *Amaker* are present in all three of Plaintiff's dismissals. First, the district court in each action certified that an appeal from the dismissal would not be taken in good faith. Second, each action "was dismissed the same day it was filed, likely before an allegation of poverty could

---

*Andrews*, 398 F.3d at 1120). Rather, district courts may rely on docket sheets if they indicate with sufficient clarity that the prior suits were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. *See id.* at 23-24. Moreover, as discussed above Plaintiff has had ample opportunity to challenge the labeling of these case as strikes. *See id.* at 24 (holding that a plaintiff, who in the district court "was given a full opportunity to demonstrate that the dismissals at issue were for grounds not enumerated in the PLRA," could not then argue on appeal that the district court erred in relying on the docket sheets).

[5] The Courts notes that in this action, Plaintiff has again failed to accurately disclose his full litigation history. For example, he does not list one of the cases that repeatedly has been determined to be a strike, *Fraisher*, No. 96-CV-1525 (S.D.N.Y.). (*See* ECF 2, at 4.)

have been definitively assessed and found wanting." *Amaker*, 721 F. App'x at 85. Finally, despite many opportunities to do so, Plaintiff has not asserted that the actions were dismissed on non-strike grounds. *See id.*

The Court therefore holds, in accord with the Northern, Western, and Eastern Districts of New York, and Judge Preska in this District that, while a prisoner, Plaintiff has filed at least three actions or appeals that were dismissed as frivolous or malicious, or for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(g).

**D.      Imminent danger**

Because Plaintiff has accrued at least three strikes, he is barred under the PLRA from proceeding with this action IFP unless he satisfies the exception to the PLRA's three-strikes provision. But his complaint does not show that Plaintiff is in imminent danger of serious physical injury.[6] Instead, Plaintiff asserts various constitutional claims arising from events that occurred between 2018 and 2020. Plaintiff is therefore barred from filing this action IFP.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[7] Plaintiff

---

[6] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[7] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

remains barred from filing any future action IFP while in custody, unless he is under imminent threat of serious physical injury.[8] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 7, 2021
        New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge

---

[8] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fees are paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).