UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EON SHEPHERD,

                Plaintiff,

-against-

SUPERINTENDENT W. KEYSER; CAPTAIN MAXWELL; OSI S. KEYSER; DEPUTY SUPERINTENDENT J. KROM; K-9-05 DOG; DSS SIPPLE TERWILLINGER; FHSD WOLLF; D. HINTON; C.O. ROSENBERG; JOHN/JANE DOE,

                Defendants.

21-CV-2363 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff filed this action *pro se*. On May 7, 2021, the Court dismissed the complaint without prejudice under the "three-strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). Plaintiff filed a notice of appeal to the United States Court of Appeals for the Second Circuit on May 26, 2021, and on the following day, Plaintiff filed a letter asking this Court to reconsider its May 7, 2021 order of dismissal. In the letter, Plaintiff asserts that, despite having acquired three strikes, he should have been able to proceed with the action because the complaint alleged sufficient facts to satisfy section 1915(g)'s imminent danger exception. (ECF 6.) Plaintiff's letter also states that he "was never given an opportunity to pay the filing fee" for the action. (*Id.* at 1.)

      The Court liberally construes this submission as a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a

variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies Plaintiff's motion for reconsideration, but grants Plaintiff 30 days to tender the $402.00 in fees to bring this action.

## DISCUSSION

### A. Effect of Pending Appeal

Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). But Rule 4 of the Federal Rules of Appellate Procedure provides that a district court has jurisdiction to rule on a motion under Rules 59 or 60 of the Federal Rules of Civil Procedure after a notice of appeal has been filed, but only if the motion is filed within 28 days after the entry of judgment. Fed. R. App. P. 4(a)(4)(A).

Here, the Court received Plaintiff's submissions the day after he submitted a notice of appeal and within 28 days after judgment was entered. The Court therefore has the authority under Rules 59 and 60 to consider his requests.

### B. Motion for Reconsideration

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y.

2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

In the May 7, 2021 order of dismissal, the Court found that while he was a prisoner, Plaintiff had brought at least three prior actions or appeals that were dismissed entirely on strike grounds, and that he was therefore barred under the "three strikes" provision of the PLRA, 28 U.S.C. § 1915(g), from filing any federal civil action *in forma pauperis* (IFP) while a prisoner unless he is in imminent danger of serious physical injury. The Court further held that because the complaint asserted various constitutional claims arising from events that occurred between 2018 and 2020, Plaintiff failed to satisfy the imminent danger exception to the rule. (ECF 3, at 9.)

The Court construes Plaintiff's motion as asserting that the Court erred in determining that he failed to satisfy the imminent danger exception. To qualify for the exception, a plaintiff must be in imminent danger of serious physical danger at the time the complaint was filed. *See Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). The complaint must also "reveal a nexus between the imminent danger it alleges and the claim it asserts." *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009). In evaluating whether such a nexus exists, the Court should consider "(1) whether the imminent danger of serious physical injury . . . allege[d] is *fairly traceable* to unlawful conduct asserts in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Id.* at 298-99 (emphasis in original).

In his motion, Plaintiff alleges that he is "disabled pursuant to the Americans with Disabilities Act" and that he suffers from herniated discs in his back, is unable to sit up for prolonged periods, has instability in his knees, and suffers from a visual disability in which "his eyes are extremely sensitive to the lights where it causes blindness as well as inability to see." (ECF 6, at 2.) Plaintiff further alleges that "[a]ll his medical devices i.e., back and knee brace were taken by the medical staff and not returned" and that he "has no protection for his eyes" and "is not being treated" for his headaches. (*Id.*)

But Plaintiff alleges no facts, either in the complaint or his motion, suggesting that he was in imminent danger of serious physical harm at the time he filed the complaint. The complaint asserts claims arising from events that occurred in several facilities between 2018 and 2020. For example, Plaintiff alleges that in 2018, he was prescribed a cane, leg braces, and an egg-carton mattress due to back and leg conditions, and that at various times in 2018, he was placed on a bus without his cane and boots, denied medical care while at Downstate Correctional Facility, and denied a new egg-carton mattress while he was in Sullivan Correctional Facility.

4

Plaintiff further alleges that in April 2019, he saw an eye specialist who prescribed him special glasses and recommended that, in the meantime, Plaintiff be permitted to wear his personal sunglasses, a recommendation that facility officials "ignored." (*Id.* at 18.) And on April 22, 2019, Plaintiff was placed in SHU and his medical devices were confiscated. And on May 13, 2019, Plaintiff was moved to a new facility, where he never received his medical devices. The complaint concludes by asserting that "Plaintiff's state of present as well as future health is at risk due to the low ineffective standard of medical care" for his chronic injuries, ECF 2, at 25, but Plaintiff fails to allege any facts suggesting that he was denied adequate medical treatment after 2019.[1] He therefore fails to allege facts suggesting that he was in imminent danger of serious physical harm when he filed the complaint in March 2021.

Furthermore, the events described in the complaint occurred in Downstate, Sullivan, or Five Points correctional facilities. But Plaintiff was incarcerated in Green Haven Correctional Facility at the time he filed the complaint. *See Malik*, 293 F.3d at 562-63 (finding no imminent danger where plaintiff filed complaint regarding events in Southport Correction Facility after being transferred to Attica Correctional Facility). Plaintiff's contention that he was in imminent danger when he filed the complaint is further belied by the fact that he sues only officials at Sullivan Correctional Facility.[2] He does not seek relief from any individuals with control over his current conditions of confinement in Green Haven. Moreover, Plaintiff does not seek injunctive

---

[1] The complaint also asserts a variety of unrelated claims arising from K-9 searches that occurred in Sullivan Correctional Facility in 2019 and 2020. Plaintiff does not refer to these claims in his motion and, in any event, these allegations fail to suggest that Plaintiff was in imminent danger of serious physical harm when he filed this complaint.

[2] The complaint states that "Defendants DSS Sipple, Sgt. Terwillinger, and John/Jane [D]oes at all times mentioned herein were high ranking officials, assigned at Sullivan and [G]reen Haven prison . . . ." (ECF 2, at 3.) But Plaintiff's factual allegations regarding these Defendants relate to events that occurred at Sullivan. None of Plaintiff's factual allegations suggests that these Defendants work or worked at Green Haven.

relief to remedy the alleged danger; he instead seeks only punitive damages. *See Mason v. Dolan*, No. 09-CV-0791, 2010 WL 2889542, at *2 (W.D.N.Y. July 21, 2010) ("[P]laintiff's claims for relief seek only monetary damages, and do not request injunctive relief, which a plaintiff asserting 'imminent danger' would reasonably be expected to request."). Plaintiff has therefore failed to allege facts suggesting that he was in imminent danger of serious physical injury at the time he filed the complaint in this action.

C. **Leave to Tender the Fees**

Plaintiff also asserts in his letter that he "was never given an opportunity to pay the filing fee" before the action was dismissed. (ECF 6, at 1.) The Court notes that it dismissed Plaintiff's claims without prejudice and its order of dismissal stated that Plaintiff may file a new action by tendering the filing fees. In any event, because Plaintiff has indicated a desire to tender the fees to bring this action, the Court grants Plaintiff 30 days from the date of this order to tender the $402.00 in fees. If Plaintiff fails to comply within the time period prescribed, the Court will dismiss the action without prejudice.[3]

**CONCLUSION**

The Court denies Plaintiff's motion for reconsideration (ECF 6) of its finding that Plaintiff was not in imminent danger of serious physical injury at the time he filed the complaint.

---

[3] The Court again reminds Plaintiff that he may bring a new action by tendering the required filing fees, and that if he does tender the filing fees to bring a new action, the new complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The Court grants Plaintiff 30 days' leave to tender the $402.00 in fees to bring this action. If Plaintiff fails to comply within the time period prescribed, the Court will dismiss the action without prejudice.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 2, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                     Chief United States District Judge