UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EON SHEPHERD,<br><br>        Plaintiff,<br><br>   -against-<br><br>SUPERINTENDENT W. KEYSER; CAPTAIN MAXWELL; OSI S. KEYSER; DIRECTOR OF SHU VENETTOZZI; DEPUTY SUPERINTENDENT J. KROM; K-9-05 DOG; DSS SIPPLE; SGT. TERWILLINGER; FHSD WOLLF; D. HINTON; CO ROSENBERG; JOHN/JANE DOE,<br><br>        Defendants. | 21-CV-2363 (KMK)<br><br>ORDER OF SERVICE |

KENNETH M. KARAS, United States District Judge:

  Plaintiff, who is currently incarcerated at Green Haven Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights when he was incarcerated in Sullivan Correctional Facility. (Compl. (Dkt. No. 2).) Plaintiff paid the filing fees to bring this action.[1]

---

[1] By order dated May 7, 2021, Chief Judge Laura Taylor Swain dismissed the complaint without prejudice under the Prison Litigation Reform Act's "three-strikes" rule because Plaintiff has filed at least three federal civil actions or appeals that were dismissed as frivolous or malicious, or for failure to state a claim on which relief may be granted. (Dkt. No. 3; *see also* 28 U.S.C. § 1915(g). That order also determined that the complaint did not allege that Plaintiff was in imminent danger of serious physical injury so as to meet the exception to § 1915(g). (Dkt. No. 3.) On May 26, 2021, Plaintiff filed a notice of appeal, (Dkt. No. 5), and on May 27, 2021, Plaintiff submitted a letter asking the court to reconsider its order of dismissal, (Dkt. 6). By order dated July 2, 2021, Chief Judge Swain construed the letter as a motion for reconsideration under Fed. R. Civ. P. 59(e) and 60(b), and denied the motion but granted Plaintiff 30 days' leave to pay the $402 in fees. (Dkt. No. 7.) Plaintiff paid the fees on July 27, 2021. (Dkt. (entry dated Jul. 27, 2021.) The Second Circuit dismissed Plaintiff's appeal by Mandate dated November 16, 2021, and on November 17, 2021, Chief Judge Swain directed that the action be reopened for further proceedings, (Dkt. No. 9).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## DISCUSSION

A.  **Claims against "K-9-05 Dog"**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A dog is not a "person," and therefore cannot be used under section 1983. *See* 1 U.S.C. § 1 (defining the word "person" to include "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals" but not dogs or other animals); *Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001) (holding a dog is not a proper defendant in a section 1983 action); *Smith v P.O. Canine Dogs Chas*, No. 02-CV-6240, 2004 WL 2202564, at *6-7 (S.D.N.Y. Sept. 28, 2005) (police dog is not a person under section 1983); *Fitzgerald v. McKenna*, 1996 WL 715531, at *7 (S.D.N.Y. Dec. 11, 1996) (denying attempt to maintain section 1983 action against police dog because "animals lack capacity to be sued"). The Court therefore dismisses Plaintiff's claims against "K-9-05 Dog" for failure to state a claim on which relief may be granted.

B.  **Service on Named Defendants**

The Clerk of Court is directed to issue summonses as to Defendants Superintendent W. Keyser, Captain Maxwell, OSI S. Keyser, Director of SHU Venettozzi, Deputy Superintendent J. Krom, DSS Sipple, Sgt. Terwillinger, FHSD Wolff, N.A. Hinton, and C.O. Rosenberg. Plaintiff is directed to serve the summons and complaint on each Defendant within 90 days of the issuance of the summonses. If within those 90 days, Plaintiff has not either served Defendants or

requested an extension of time to do so, the Court may dismiss the claims against Defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

**C.     John/Jane Doe Defendants**

Because Plaintiff does not make any allegations against the John/Jane Doe Defendants and does not supply sufficient information to permit the attorney for or agent of the Doe Defendants to identify them, the Court declines, at this time, to issue an order under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (a *pro se* litigant is entitled to assistance from the district court in identifying a defendant), seeking the identities of the Doe Defendants.

**D.     Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled ["Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."](#) Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

## CONCLUSION

The Court dismisses Plaintiff's claims against "K-9-05 Dog" for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A(b).

The Clerk of Court is directed to issue summonses as to Defendants Superintendent W. Keyser, Captain Maxwell, OSI S. Keyser, Director of SHU Venettozzi, Deputy Superintendent J. Krom, DSS Sipple, Sgt. Terwillinger, FHSD Wolff, N.A. Hinton, and C.O. Rosenberg.

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

Local Civil Rule 33.2 applies to this action, and thus within 120 days of service of the complaint, Defendants must serve responses to Plaintiff's standard discovery requests. In their responses, Defendants must quote each request verbatim.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated:  December 9, 2021
        White Plains, New York

_____
KENNETH M. KARAS
United States District Judge