UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EON SHEPHERD,

                Plaintiff,

v.

SUPERINTENDENT W. KEYSER, *et al.*,

                Defendants.

No. 21-CV-2363 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

      On April 10, 2023, the Court ordered Plaintiff to show cause, by no later than May 18, 2023, as to why this case should not be dismissed for failure to serve Defendants Superintendent W. Keyser, Captain Maxwell, OSI S. Keyser, Director of SHU Venettozi, Deputy Superintendent J. Krom, DSS Sipple, Sgt. Terwillinger, FHSD Wolff, N.A. Hinton, and C.O. Rosenberg (together, "Defendants"). (*See* Order to Show Cause (Dkt. No. 38).) In response, Plaintiff submitted a letter dated April 21, 2023, which was docketed on May 10, 2023. (*See* Letter from Eon Shepherd to Court (Apr. 21, 2023) (Dkt. No. 39).) In that letter, Plaintiff explained the difficulties he has faced in connection with effecting service, including his lack of contacts outside of prison and his medical conditions. (*See id.* at 1–2.) Among other things, Plaintiff also argued that he should be able to serve Defendants by mail pursuant to Federal Rule of Civil Procedure 5 ("Rule 5"). (*See id.* at 2 (citing Fed. R. Civ. P. 5(b)(2)(C)).)

      As an initial matter, the Court notes that, although it permits service by mail, *see* Fed. R. Civ. P. 5(b)(2)(C), Rule 5 does not apply to Plaintiff's current situation. At this juncture, Plaintiff must serve the summonses and complaint on Defendants, and such service is governed by Federal Rule of Civil Procedure 4 ("Rule 4"). *See* Fed. R. Civ. P. 4(c), (e)–(j), (m); *see also*

*Shum v. JILI Inc.*, No. 17-CV-7600, 2022 WL 17403608, *3 (E.D.N.Y. Dec. 2, 2022) (explaining that Rule 4 applies to service of a summons and complaint and that Rule 5 "governs service of *later* pleadings" (emphasis in original)).

Although the Court previously denied Plaintiff's request to serve Defendants by mail, (*see* Dkt. No. 35), it has undertaken a further review of the issue in light of Plaintiff's status as a pro se litigant, *see Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (noting that pro se litigants are "generally entitled to 'special solicitude' before district courts" (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006)). Under Rule 4, "an individual . . . may be served in a judicial district of the United States by[] . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1).

This Court is located in the State of New York, and New York law permits service by mail under certain circumstances. Specifically, § 312–a of the New York C.P.L.R. ("CPLR") provides in relevant part:

> [A] summons and complaint . . . may be served by the plaintiff or any other person by mailing to the person or entity to be served, by first class mail, postage prepaid, a copy of the summons and complaint . . . together with two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in subdivision (d) of this section with a return envelope, postage prepaid, addressed to the sender.

*Id.* § 312–a(a). Pursuant to this method of service, "[s]ervice is complete on the date the signed acknowledgement of receipt is mailed or delivered to the sender." *Id.* § 312-a(b); *see also id.* § 312-a(c)–(d) (setting forth requirements for the "statement of service by mail" and the "acknowledgement of receipt of such service"). Thus, Plaintiff may avail himself to this avenue for effecting service.

2

3

In light of the foregoing, Plaintiff is granted an extension of time to effect service on Defendants. The Court is issuing a separate order contemporaneously with this Order, directing the Attorney General of the State of New York (the "Attorney General") to provide—within 14 days—an address (or addresses) where Defendants may be served. Plaintiff shall effect service in accordance with Rule 4 by no later than 60 days after receiving the Attorney General's response.

SO ORDERED.

Dated: November 1, 2023
White Plains, New York

_____
KENNETH M. KARAS
United States District Judge