UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EON SHEPHERD,

                Plaintiff,

v.

SUPERINTENDENT W. KEYSER, et al.,

                Defendants.

No. 21-CV-2363 (KMK)

ORDER

---

KENNETH M. KARAS, United States District Judge:

The Court is in receipt of the letter written on Plaintiff's behalf by Lawrence Dawkins, which is dated June 5, 2024.[1] In that letter, Plaintiff and Mr. Dawkins ask the Court for additional time for Plaintiff to serve Defendants. Plaintiff and Mr. Dawkins recognize that the Court has already granted Plaintiff additional time to effect service, but assert that Plaintiff misunderstood the Court's Order dated November 1, 2023—in which the Court explained that Plaintiff could serve Defendants via the method set forth under N.Y. C.P.L.R. § 312-a ("§ 312-a"), (see Dkt. No. 41)—given his visual impairment.

Although the Court has previously granted Plaintiff numerous extensions of time to serve Defendants in this case, which is now over *three years old*, (see, e.g., Dkt. Nos. 11, 26, 30, 41), it acknowledges that Plaintiff is a pro se litigant, see *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (noting that pro se litigants are "generally entitled to 'special solicitude' before district courts" (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006)). Thus, the Court grants Plaintiff one, final extension of time to serve Defendants.

---

[1] The Court has appended Mr. Dawkins' letter to this Order. In addition, the Court notes that Plaintiff signed the letter, along with Mr. Dawkins.

As the Court has previously explained, under Rule 4 of the Federal Rules of Civil Procedure, "an individual . . . may be served in a judicial district of the United States by[] . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). This Court is located in the State of New York, and New York law permits service by mail under certain circumstances. Specifically, § 312-a provides in relevant part:

> [A] summons and complaint . . . may be served by the plaintiff or any other person by mailing to the person or entity to be served, *by first class mail, postage prepaid,* a copy of the summons and complaint . . . *together with two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in subdivision (d) of this section with a return envelope, postage prepaid, addressed to the sender.*

*Id.* § 312-a(a) (emphases added). Pursuant to this method of service, "[s]ervice is complete on the date the signed acknowledgement of receipt is mailed or delivered to the sender." *Id.* § 312-a(b); *see also id.* § 312-a(c)–(d) (setting forth requirements for the "statement of service by mail" and the "acknowledgement of receipt of such service"). Section 312-a(d) specifically states that any "statement of service by mail" must be "in substantially the following form:"

<div align="center">STATEMENT OF SERVICE BY MAIL</div>

> To: (Insert the name and address of the person or entity to be served.) The enclosed summons and complaint, or summons and notice, or notice of petition and petition (strike out inapplicable terms) are served pursuant to section 312-a of the Civil Practice Law and Rules.
>
> To avoid being charged with the expense of service upon you, you must sign, date and complete the acknowledgement part of this form and mail or deliver one copy of the completed form to the sender within thirty (30) days from the date you receive it. You should keep a copy for your records or your attorney. If you wish to consult an attorney, you should do so as soon as possible before the thirty (30) days expire.
>
> If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served) will be required to pay expenses incurred in serving the summons and complaint, or summons and notice,

or notice of petition and petition in any other manner permitted by law, and the cost of such service as permitted by law will be entered as a judgment against you.
If you have received a complaint or petition with this statement, the return of this statement and acknowledgement does not relieve you of the necessity to answer the complaint or petition. The time to answer expires twenty (20) days after the day you mail or deliver this form to the sender. If you wish to consult with an attorney, you should do so as soon as possible before the twenty (20) days expire.

If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

It is a crime to forge a signature or to make a false entry on this statement or on the acknowledgement.

*Id.* § 312-a(d). With respect to any "acknowledgement of receipt of [] service," § 312-a(d) further provides that that document must "be in substantially the following form:"

ACKNOWLEDGEMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I received a summons and complaint, or summons and notice, or notice of petition and petition (strike out inapplicable terms) in the above-captioned matter at (insert address).

PLEASE CHECK ONE OF THE FOLLOWING; IF 2 IS CHECKED, COMPLETE AS INDICATED:

1. / / I am not in military service.

2. / / I am in military service, and my rank and branch of service are as follows:

    Rank:

    Branch of Service:

TO BE COMPLETED REGARDLESS OF MILITARY STATUS:

Date:_____
(Date this Acknowledgement is executed)

I affirm the above as true under penalty of perjury.

_____
Signature


_____

Print name

_____

Name of Defendant for which acting

_____

Position with Defendant for which acting (i.e., officer, attorney, etc.)

PLEASE COMPLETE ALL BLANKS INCLUDING DATES

*Id.* § 312-a(d).

Notwithstanding its decision herein, the Court must reiterate that Plaintiff has received an *extraordinary* number of extensions of time to effect service. (*See, e.g.*, Dkt. Nos. 11, 26, 30, 41.) Indeed, a summons and complaint must normally be served "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). And here, the Complaint was filed on March 15, *2021*—again, more than three years ago. (*See* Compl. (Dkt. No. 2).) Thus, Plaintiff *must* effect service in accordance with Rule 4, including by using the method set forth in § 312-a if he so chooses, *and* file with the Court proof that he has properly served Defendants by no later than August 16, 2024. There will be no more extensions. For questions about how to properly serve Defendants, Plaintiff may contact the Pro Se Intake Unit at 212-805-0175, or by mail at 300 Quarropas Street, White Plains, NY 10601.

Finally, given that Plaintiff has effectively conceded through Mr. Dawkins' letter that, to date, he has failed to properly serve Defendants, his various applications for a default judgment are denied. (*See* Dkt. Nos. 47–48, 51.) *See Happy Homes, LLC v. Jenerette-Snead*, No. 15-CV-1788, 2016 WL 6599826, at *3 n.10 (E.D.N.Y. Nov. 7, 2016) ("Ineffective service-of-process is a ground to deny a motion for default judgment.").

Accordingly, the Clerk of Court is directed to terminate the pending motions, (*see* Dkt. Nos. 48, 51), and to mail a copy of this Order to Plaintiff's address. The Clerk of Court is further

4

asked to mail copies of the summonses and Complaint in this Action to Plaintiff's address—one copy of each summons and ten copies of the Complaint (one for each Defendant).

SO ORDERED.

Dated:    June 13, 2024
             White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

Eon Shepherd #96-A-0356
Green Haven Correctional Facility
PO Box 4000
Stormville, NY 12582
June 5, 2024

Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street, Room 530
White Plains, NY 10601

Re: Shepherd v. Keyser et al., 21-CV-2363 (KMK)

Dear Judge karas:

I am the plaintiff in the above-entitled matter, and I am responding to the Court's order regarding the matter of the defendants being served.

my name is Lawrence Dawkins, identification number 00-A-1608, and I am assisting the plaintiff Eon Shepherd in responding to the Court's order concerning plaintiff's motion for default judgment.

Plaintiff has a visual disability that leaves him unable to see at times, as well as read clearly. When plaintiff received the court's order, it was plaintiff's belief that the court granted plaintiff's request to serve the defendants via U.S. mail, which is true, however, the manner of U.S. postal service is the issue at hand, and plaintiff's error in the manner of serving the defendants U.S. mail was due to his visual disability.

Plaintiff had no knowledge of the type of U.S. mail service of the defendants, and in the court's order, plaintiff did not see any specification in the manner of service by U.S. mail.

It was only until I read the letter the Assistant Attorney General wrote to the court, did plaintiff realize the manner in the service of the defendants, plaintiff was to serve the defendants.

Plaintiff visual impairment cause the error in the service of the defendants, and he is humbly requesting your Honor take into consideration plaintiff's visual disability, allowing plaintiff to serve the defendants in the manner prescribed by the court, and granting reasonable accommodations top plaintiff in the form of legal assistance to prosecute his claims.

If the court grants plaintiff request, plaintiff does not possess any of the summons and complaints, and request the court provide him with copies of the summons and complaints that are to be served upon the defendants.

Please grant Mr. Shepherd's request for reasonable accommodations. I am not always in the law library, and will not always be available to read his documents for him and compose the herein letter. Please help Mr. Shepherd, and provide him assistance.

<div style="text-align:right">
Respectfully yours,

EON SHEPHERD PLAINTIFF PRO SE
by: Lawrence Dawkins
LAWRENCE DAWKINS 00A1608
</div>

TO: LETITIA JAMES
ATTORNEY GENERAL OF THE STATE OF NEW YORK
28 LIBERTY STREET
NEW YORK, NY 10005
OWEN M. CROWLEY

Form 2612B (4/15)
Page 1

RECEIVED
SULLIVAN CORR'L FAC.
DEPUTY SUPT'S OFFICE
2019 APR -8 AM 10:00

PHOTOCOPY LOCALLY AS NEEDED

STATE OF NEW – DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
**REQUEST FOR REASONABLE ACCOMMODATIONS INMATES WITH SENSORIAL DISABILITIES**

Date 4/5/19

Inmate's Name  EON SHEPHERD   Din # 96A0356   Facility Sullivan

☐ I do not request reasonable accommodations
☒ I request reasonable accommodations as indicated below for the following program or service:

Check to indicate request

| HEARING IMPAIRMENT | | VISUAL IMPAIRMENT | |
|---|---|---|---|
| Requested | Approved | Requested | Approved |
| ☐ Qualified Sign Lang. Interpreter | ☐ | ☐ Large Print | ☐ |
| ☐ TTD/TTY | ☐ | ☐ Orientation & Mobility Instruct | ☐ |
| ☐ Telephone Amplifier | ☐ | ☐ Mobility Assistants/Sighted Guide | ☐ |
| ☐ Closed Caption Television | ☐ | ☐ Guidance Cane | ☐ |
| ☐ Sound Amplification Systems | ☐ | ☐ Support Cane | ☐ |
| ☐ Hearing Aids/Batteries | ☐ | ☐ Braille Print | ☐ |
| ☐ Notification Systems | ☐ | ☐ Braille Equipment | ☐ |
| ☐ Visual Smoke Detector | ☐ | ☐ Magnifiers | ☐ |
| ☐ Preferred Seating | ☐ | ☐ Tape Player/Cassettes | ☐ |
| ☐ Shake Awake Alarm | ☐ | ☐ Lamp | ☐ |
| ☐ Pocket Talker | ☐ | ☒ Visor/Sunglasses for indoor use | ☐ |
| | | ☐ Other | |

_Eon Shepherd_                      J. Sircable, ORC
(Inmate's Signature)                (Staff Name/Title)     (Staff Signature)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

MEDICAL VERIFICATION (Use established definitions) *HAS Grey tinted glasses
☒ Severe Visual Impairment (V230)     ☐ Legally Blind (B240)   ☐ Non Significant Hearing Loss (HL30)
☐ Hard of Hearing (HL20)               ☐ Deaf (HL10)
☐ No Medical Verification on File  Follow-up Appointment Necessary? ☐ Yes ☐ No
D. Hinton, NA                          D. Hinton, NA                  4/9/19
(Medical Staff – Name/Title)           (Med. Staff Signature)         (Date)

Return this form to the Staff member whose name appears next to the inmate's signature above.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

REASONABLE ACCOMMADATIONS DETERMINATION
The reasonable accommodations requested above have been:
☐ Approved as requested
☒ Modified – accommodations which have been approved are marked above
☐ Denied
☐ Pending medical verification

EXPLANATION of modification or denial: _tinted prescription glasses have been issued to you to address your condition._

E. Simmons, SORC            _Simmons_                    4/10/19
(DSP or designee)           (Signature)                  (Date)

This section is to be completed by the inmate.
☐ I agree     ☒ I disagree with this determination  I HAVE NOT BEEN ISSUED WITH NO GLASSES
☒ I want to meet with the Superintendent or designee during this review.
☐ I want to have an interpreter with me or other assistive device during this meeting.

_Eon Shepherd_                          4/15/19
(Inmate's Signature)                    (Date)