UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EON SHEPHERD, *Plaintiff*, v. SUPERINTENDENT W. KEYSER, *et al.*, *Defendants*. | No. 21-CV-2363 (KMK) ORDER |

KENNETH M. KARAS, United States District Judge:

In March 2021, Plaintiff Eon Shepherd, who is incarcerated and proceeding pro se, brought this § 1983 Action arising from events that occurred while he was incarcerated at Sullivan Correctional Facility. (*See* Compl. ¶¶ 1–10 (Dkt. No. 2).) Plaintiff alleges, among other things, that correctional and medical officials violated his First, Eighth, and Fourteenth Amendment rights in connection with K-9 searches, retaliation for his grievances, and the denial of medical care. (*See generally* Compl.)

Several issues remain outstanding in this Action while Defendants' Motion for Summary Judgment is pending. Plaintiff has requested appointment of counsel, (*see* Dkt. No. 127), and leave to amend his Complaint, (*see* Dkt. Nos. 96, 100); he has sought an entry of default and a default judgment against Defendant Hinton, who has not appeared, (*see* Dkt. Nos. 107, 117); and he contends that his visual impairment and lack of access to legal materials have prevented him from adequately litigating this Action and preparing an opposition to Defendants' Motion for Summary Judgment, (*see* Dkt. Nos. 127, 132; *see also* Dkt. Nos. 2, 6). Because these issues overlap with Plaintiff's ability to proceed with this Action, the Court addresses them together in

this omnibus Order and directs the Office of the New York State Attorney General ("OAG") to supplement the record where additional factual development is necessary.

## BACKGROUND

Plaintiff filed the Complaint in this Action on March 15, 2021. (*See* Compl.) Plaintiff initially sought to proceed in forma pauperis ("IFP"), but the Court denied his request pursuant to the Prison Litigation Reform Act's three-strikes provision, 28 U.S.C. § 1915(g). (*See* Req. To Proceed In Forma Pauperis (Dkt. No. 1); Order of Dismissal Under 28 U.S.C. § 1915(g) (Dkt. No. 3).) *See also Shepherd v. Annucci*, 921 F.3d 89, 92–94 (2d Cir. 2019) (discussing Shepherd's three-strikes status under § 1915(g)). Plaintiff thereafter paid the $402 filing fee, (*see* Dkt. (entry for July 27, 2021)), and the Action was reopened, (*see* Order (Dkt. No. 9)).

After substantial litigation concerning service of the Complaint, (*see generally* Dkt. Nos. 23–76), Defendants, who are represented by OAG, moved to dismiss. (*See* Mot. To Dismiss (Dkt. No. 88).) On September 18, 2025, the Court granted Defendants' Motion to Dismiss in part and denied it in part and gave Plaintiff 30 days to amend the dismissed claims. (*See* Op. & Order (Dkt. No. 95).) Plaintiff timely sought an extension of the amendment deadline, (*see* Letter Mot. for Extension of Time to Amend (Dkt. No. 96)), and later requested leave to submit an amended complaint, (*see* Letter from Plaintiff to Court (Oct. 29, 2025) (Dkt. No. 100)). The Court subsequently informed him that he "may request to amend his complaint after discovery has been taken in this Action," (Order (Dkt. No. 101)). The Court thereafter entered a Case Management and Scheduling Order providing that depositions were to be completed by February 27, 2026; fact discovery by March 26, 2026; Plaintiff's expert disclosures by April 15, 2026; and

Defendants' expert disclosures by May 8, 2026. (Case Mgmt. & Scheduling Order (Dkt. No. 103).)

Separately, Defendant Hinton was served with the Summons and Complaint but did not respond. (*See* Summons Returned Executed (Dkt. No. 67); Order (Dkt. No. 98).) OAG informed the Court that Hinton had requested representation but had not completed the representation process despite OAG's repeated attempts to contact her. (Letter from Owen M. Crowley, Esq., to Court (Apr. 29, 2026) ("OAG's Apr. 29 Letter") 1 (Dkt. No. 111).) OAG further stated that, because of her non-response, it did not represent Hinton and could take no position on Plaintiff's request for a default judgment against her. (*See id.*) Plaintiff subsequently sought both entry of default and a default judgment against Hinton. (*See* Letter Mot. for Default J. (Dkt. No. 107); Req. for Default (Dkt. No. 117).) The Court denied the latter without prejudice for noncompliance with its Individual Rules, and the Clerk directed Plaintiff to refile the former with a proposed Clerk's Certificate of Default. (*See* Memo Endorsed Order (Dkt. No. 129); Dkt. (notice to re-file June 15, 2026).)

In a letter dated June 15, 2026, and docketed July 20, 2026, Plaintiff informed the Court that his visual impairment was interfering with his ability to respond to Defendants' anticipated Motion for Summary Judgment, participate in discovery, amend his Complaint, and otherwise prosecute this Action. (*See* Letter from Plaintiff to Court (June 15, 2026) ("Pl.'s June 15 Letter") (Dkt. No. 127).) Plaintiff requested appointment of counsel and reasonable accommodations as a result. (*Id.*) He also alleged that Defendants had failed to provide discovery in their possession relevant to his claims. (*Id.*)

On June 22, 2026, one week after Plaintiff's June 15 Letter was dated, Defendants represented by OAG filed their Motion for Summary Judgment. (*See* Mot. for Summ. J. (Dkt. No. 119).) Plaintiff's opposition was due August 1, 2026. (*See* Mot. Scheduling Order (Dkt. No. 114).) But on August 4, 2026, in light of Plaintiff's June 15 Letter, the Court ordered OAG to respond to that Letter despite the pending Motion for Summary Judgment and the expiration of Plaintiff's opposition deadline.[1] (*See* Memo Endorsement (Dkt. No. 128).)

On August 10, 2026, OAG responded, asserting that relevant discovery had been provided to Plaintiff on multiple occasions and arguing that Plaintiff had not identified what discovery remained outstanding or how it affected his ability to litigate the Action. (Letter from Owen M. Crowley, Esq., to Court (Aug. 10, 2026) ("OAG's Aug. 10 Letter") 1 (Dkt. No. 130).) OAG also opposed Plaintiff's request to amend the Complaint as untimely and prejudicial. (*See id.* at 1–2.) Finally, OAG disputed Plaintiff's allegations concerning his visual impairment and submitted records reflecting that Plaintiff had received eye examinations and multiple pairs of glasses. (*Id.* at 2 & Exs. A–C.) Based on those representations, the Court extended Plaintiff's deadline to oppose Defendants' Motion for Summary Judgment to September 30, 2026. (*See* Memo Endorsement (Dkt. No. 131).)

In an August 17, 2026, letter docketed on September 14, 2026, Plaintiff responded to OAG's August 10 Letter. (Letter from Plaintiff to Court (Aug. 17, 2026) ("Pl.'s Aug. 17 Letter") (Dkt. No. 132).) Plaintiff explained that he had been housed in the Special Housing Unit ("SHU") since July 27, 2026, and had been denied access to all his legal documents and the

[1] The chronology on the docket reflects that, although Plaintiff's June 15 Letter (Dkt. No. 127) was not docketed until July 20, 2026, the Letter is dated June 15, 2026, one week before Defendants filed their Motion for Summary Judgment.

glasses that had been issued to him while there. (*Id.* at unnumbered 1.) Plaintiff maintained that Defendants had not substantiated their assertion that all relevant discovery had been provided to him and continued to dispute whether he had received the appropriate glasses for his condition. (*Id.* at unnumbered 1–2.)

## DISCUSSION

The Court addresses each outstanding issue below.

### A. Plaintiff's Request for Appointed Counsel

Plaintiff requests that the Court appoint counsel to represent him in this Action. At this time, Plaintiff's request for appointment of counsel is denied without prejudice for the reasons stated below. As explained, Plaintiff may make his request again at a later date on a more developed record.

There is no constitutional right to appointed counsel in a civil case. *See Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). Under 28 U.S.C. § 1915(e)(1), however, the Court may appoint an attorney to represent a litigant who is unable to afford counsel.[2] In determining whether to exercise that discretion, the Court first considers whether the litigant is unable to obtain counsel and whether his position "seems likely to be of substance." *Hodge v. Police*

[2] At first glance, *Mills v. Fischer*, 645 F.3d 176 (2d Cir. 2011), appears to call into question Plaintiff's eligibility for appointed counsel because he was previously denied IFP status under § 1915(g). *See id.* at 178. But *Mills* involved a plaintiff who sought IFP status and counsel together, and held that a litigant barred from proceeding "under" § 1915 could not obtain counsel as a benefit of proceeding under that section. *See id.* at 177–78. Here, Plaintiff paid the filing fee, the Action proceeded outside the IFP framework, and counsel was sought later based on circumstances allegedly impairing Plaintiff's ability to litigate. Because *Mills* did not address that posture, the Court declines to extend its holding to categorically foreclose appointment here.

*Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986). If those threshold requirements are satisfied, the Court considers, among other things, the litigant's ability to investigate the crucial facts and present his case, the complexity of the legal issues, whether the case will turn on conflicting evidence requiring cross-examination, and whether there is any special reason why appointment of counsel would be more likely to lead to a just determination. *Id.* at 61–62. No single factor is dispositive, and the determination depends on the circumstances of the particular case. *See id.* at 61. The Court also retains broad discretion to manage its proceedings in a manner that permits the fair and orderly adjudication of the Action. *See Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (recognizing district courts' inherent authority "to manage their own affairs" and explaining that its exercise must be a "reasonable response to the problems and needs confronting the court's fair administration of justice" in a way that does not contravene an express statutory or rule-based limitation).

Appointment of counsel is not warranted at this time. Several of Plaintiff's claims survived Defendants' Motion to Dismiss, (Op. & Order (Dkt. No. 95)), which bears on whether his position "seems likely to be of substance." *See Hodge*, 802 F.2d at 61–62. At the same time, Plaintiff seeks counsel principally because his visual impairment allegedly impedes his ability to investigate the facts and further litigate this Action, considerations that also bear directly on the *Hodge* factors. (*See* Pl.'s June 15 Letter at unnumbered 1; Pl.'s Aug. 17 Letter at unnumbered 1–2.) The Court is therefore directing OAG to address those practical impediments before determining whether appointment of counsel is necessary. If Plaintiff can obtain meaningful access to his legal materials and appropriate corrective eyewear, counsel may not be necessary

on that basis; if those impediments persist, the Court can reassess Plaintiff's request on a more developed record.

Accordingly, Plaintiff's request for appointment of counsel is denied without prejudice. If, after the steps ordered below are completed, Plaintiff continues to lack meaningful access to the materials or accommodations necessary to litigate this Action, he may renew his request and explain why those circumstances prevent him from proceeding without counsel. Any renewed request should also explain why Plaintiff is unable to afford counsel and describe any efforts he has made to obtain counsel on his own.

**B. Plaintiff's Request for Leave to Amend**

Plaintiff also seeks leave to amend his Complaint. For the reasons explained below, Plaintiff's request is denied without prejudice because the Court cannot adequately evaluate his proposed amendments on the present record. The Court does not, however, find that the timing of Plaintiff's requests, standing alone, warrants denial.

Federal Rule of Civil Procedure 15(a)(2) provides that the Court "should freely give leave when justice so requires." Leave to amend may nevertheless be denied based on, among other things, undue delay, bad faith, futility, or undue prejudice to the opposing party. *See AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010). "[M]ere delay," however, "absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (citation omitted).

OAG argues that Plaintiff's request should be denied because he waited until after the close of discovery and the filing of Defendants' Motion for Summary Judgment to seek

amendment. (OAG's Aug. 10 Letter 1–2.) The procedural history, however, warrants some clarification. In its September 18, 2025, Opinion & Order, the Court initially gave Plaintiff 30 days to amend the dismissed claims. (*See* Op. & Order (Dkt. No. 95).) Plaintiff thereafter sought additional time to amend (*see* Dkt. No. 96), and later expressly requested leave to file an amended complaint, (*see* Dkt. No. 100). On November 13, 2025, the Court informed Plaintiff that he "may request to amend his complaint after discovery has been taken in this Action." (Order (Dkt. No. 101).) The Court's subsequent Case Management and Scheduling Order set several discovery deadlines: depositions were to be completed by February 27, 2026; fact discovery by March 26, 2026; Plaintiff's expert disclosures by April 15, 2026; and Defendants' expert disclosures by May 8, 2026. (Case Mgmt. & Scheduling Order (Dkt. No. 103).) Thus, although fact discovery closed on March 26, 2026, the Court's scheduling order contemplated discovery-related proceedings through May 8, 2026. (*Id.*)

Moreover, the record does not suggest that Plaintiff unnecessarily delayed pursuing amendment until after Defendants moved for summary judgment. Plaintiff expressly sought leave to amend months before Defendants filed their Motion. (*See* Dkt. No. 100.) And although Plaintiff's June 15 Letter was not docketed until July 20, 2026, it is dated one week before Defendants filed their Motion for Summary Judgment on June 22, 2026, and well before Plaintiff's August 1, 2026, deadline to oppose the Motion. (*See* Pl.'s June 15 Letter at unnumbered 1; Mot. for Summ. J. (Dkt. No. 119); Mot. Scheduling Order (Dkt. No. 114).) Given the Court's prior instruction that Plaintiff could seek amendment after discovery had been taken, the Court does not find that the timing of Plaintiff's requests, standing alone, warrants denial.

Nevertheless, Plaintiff does not identify the specific claims or parties he seeks to add, explain the substance of his proposed amendments, or provide a proposed amended complaint. Without that information, the Court cannot evaluate whether the proposed amendment would be futile, unduly prejudicial, or otherwise appropriate under Rule 15. Plaintiff's request is therefore denied without prejudice. As set forth below, Plaintiff may renew his request within 30 days of receiving OAG's submission ordered in paragraph 4 of the Conclusion and Order below. If he does so, he must identify the claims or parties he seeks to add, explain the factual and legal basis for the proposed amendments, and submit a proposed amended complaint reflecting those changes.

### C. Plaintiff's Request for Entry of Default and Default Judgment Against Defendant Hinton

Plaintiff seeks entry of default and, ultimately, a default judgment against Defendant Hinton. Defendant Hinton was served with the Summons and Complaint but has not appeared or otherwise defended this Action. (*See* Summons Returned Executed (Dkt. No. 67); Order (Dkt. No. 98); OAG's Apr. 29 Letter 1.) OAG previously informed the Court that Hinton had requested representation but failed to complete that process despite OAG's repeated attempts to contact her, and that OAG therefore does not represent her. (*See* OAG's Apr. 29 Letter 1.) After Plaintiff moved for a default judgment, the Court gave Hinton until June 3, 2026, to respond to Plaintiff's Motion. (*See* Memo Endorsement (Dkt. No. 112).) Hinton did not respond.

Plaintiff thereafter sought both a default judgment against Hinton and entry of default. (*See* Dkt. Nos. 107, 117.) The Court denied the request for default judgment without prejudice for noncompliance with its Individual Rules, and the Clerk directed Plaintiff to refile his request

for entry of default with a proposed Clerk's Certificate of Default. (*See* Memo Endorsed Order (Dkt. No. 129); Dkt. (notice to re-file June 15, 2026).)

Although Plaintiff did not perfect his request for entry of default under Local Civil Rule 55.1(a), Local Civil Rule 55.1(b) provides that "[t]he court, on its own initiative, may enter default or direct the clerk to enter default." Because Hinton has failed to appear or otherwise defend this Action, the Clerk of Court is directed to enter default against her pursuant to Federal Rule of Civil Procedure 55(a) and Local Civil Rule 55.1(b). *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) ("[A] district judge also possesses the inherent power to enter a default."). Following entry of default, Plaintiff may move for a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), Local Civil Rule 55.2, and the Court's Individual Rules.

**D. Plaintiff's Access to Legal Materials and Corrective Glasses**

Finally, Plaintiff contends that his visual impairment and lack of access to legal materials have prevented him from adequately litigating this Action and preparing an opposition to Defendants' Motion for Summary Judgment. (*See* Pl.'s June 15 Letter at unnumbered 1; Pl.'s Aug. 17 Letter at unnumbered 1–2.) In response to Plaintiff's June 15 Letter, OAG submitted records reflecting that Plaintiff received corrective glasses on March 11, 2026, was evaluated by an optometrist on May 28, 2026, and received another pair of glasses on July 29, 2026. (*See* OAG's Aug. 10 Letter 2 & Exs. A–C.) OAG also represented that relevant discovery materials had been provided to Plaintiff on multiple occasions. (*See id.* at 1.)

Plaintiff's August 17 Letter, however, raises questions that OAG's prior submission does not fully answer. Plaintiff alleges that, after he was placed in the SHU on July 27, 2026, he no

longer had access to either his legal documents or the glasses that had been issued to him. (Pl.'s Aug. 17 Letter at unnumbered 1.) He also disputes OAG's assertion that Defendants provided him with all relevant discovery and notes that OAG did not submit documentation substantiating that assertion. (*Id.* at unnumbered 2.)

The present record does not permit the Court to determine whether Plaintiff currently has meaningful access to the materials and corrective eyewear necessary to prepare his opposition. Accordingly, before determining how to proceed with Defendants' Motion for Summary Judgment, the Court directs OAG to supplement the record as set forth in the Conclusion and Order below.

**CONCLUSION AND ORDER**

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff's request for appointment of counsel is DENIED WITHOUT PREJUDICE. After the process described below is complete, Plaintiff may renew his request if he continues to lack meaningful access to the legal materials or accommodations necessary to litigate this Action. Any renewed request should explain what obstacles remain, why they prevent Plaintiff from proceeding without counsel, why Plaintiff is unable to afford counsel, and any efforts Plaintiff has made to obtain counsel on his own.
2. Plaintiff's request for leave to amend the Complaint is DENIED WITHOUT PREJUDICE. Plaintiff may renew his request within 30 days of receiving OAG's submission ordered in paragraph 4 below. If he does so, he must identify the claims or parties he seeks to add, explain the factual and legal basis for the proposed amendments, and submit a proposed amended complaint reflecting those changes.

3. The Clerk of Court is directed to enter default against Defendant Hinton pursuant to Federal Rule of Civil Procedure 55(a) and Local Civil Rule 55.1(b). Following entry of default, Plaintiff may move for a default judgment against Hinton pursuant to Federal Rule of Civil Procedure 55(b)(2), Local Civil Rule 55.2, and the Court's Individual Rules.
4. By October 30, 2026, OAG shall submit a letter addressing the following, along with any supporting documentation:
    a. **Plaintiff's housing status.** OAG shall state whether Plaintiff remains housed in the Special Housing Unit ("SHU"). If Plaintiff is no longer housed in the SHU, OAG shall identify when he was transferred out of the SHU.
    b. **Plaintiff's access to legal materials.** OAG shall identify the discovery materials and other legal documents that Defendants have provided to Plaintiff, the dates and manner in which those materials were provided, and any documentation substantiating their delivery to Plaintiff. Separately, OAG shall state, to the extent it is able to determine, whether Plaintiff currently has access to his legal materials while incarcerated and identify its basis for that representation.
    c. **Plaintiff's corrective glasses.** OAG shall provide an update regarding Plaintiff's current access to corrective glasses, including whether Plaintiff presently possesses the glasses issued to him. OAG shall also state whether any glasses currently available to Plaintiff are consistent with his current prescription and any current medical recommendations concerning his corrective eyewear, including with respect to tinted lenses. OAG shall identify any further eye evaluations,

prescriptions, recommendations, or changes in Plaintiff's access to corrective eyewear since OAG's August 10, 2026, submission. OAG shall also provide any SHU property inventory or other property record reflecting Plaintiff's possession of corrective glasses from July 27, 2026, to the present. If no such record exists, OAG shall so state.

5. OAG shall serve Plaintiff with its submission and file proof of service.
6. Plaintiff may submit a response within 21 days after he receives OAG's submission. Plaintiff may use that response to identify any information in OAG's submission that he believes is inaccurate or incomplete and to explain any continuing problems with his access to legal materials or corrective glasses.
7. The September 30, 2026, deadline for Plaintiff to oppose Defendants' Motion for Summary Judgment and the October 21, 2026, deadline for Defendants to reply are VACATED. Plaintiff is not required to submit an opposition to Defendants' Motion for Summary Judgment at this time. After reviewing OAG's submission and any response from Plaintiff, the Court will determine whether to set a new briefing schedule or take other appropriate action with respect to the Motion.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff, the Office of the New York State Attorney General, and Defendant Hinton at their respective addresses on the docket.

The Clerk of Court is further directed to mail to Plaintiff, together with this Order, the attached portion of the Court's Individual Rules governing motions for default judgment. Plaintiff's prior request for a default judgment against Defendant Hinton was denied without

prejudice for failure to comply with those Rules. The attached Rules are provided so that, following entry of default, Plaintiff may submit any renewed motion for default judgment in compliance with the Court's requirements.

SO ORDERED.

DATED: October 15, 2026
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**UNITED STATES COURTHOUSE**
**300 QUARROPAS STREET, CHAMBERS 533**
**WHITE PLAINS, NY 10601-4150**

**CHAMBERS OF**
**HON. KENNETH M. KARAS**

## MEMORANDUM TO ALL LITIGANTS

**Re: Individual Rules of Practice for Default Judgment Proceedings**
**Date: August 14, 2019**

1. Prepare an Order To Show Cause for Default Judgment (the "Order") and make the Order returnable before Judge Karas in Courtroom 521 of the United States Courthouse, White Plains, New York. Leave blank the date and time of the conference, which Judge Karas will set when he signs the Order.

2. Attach the following papers to the Order:

   a. a proposed default judgment;

   b. statement of damages;

   c. an attorney's affidavit setting forth:

      (i) why a default judgment is appropriate, including a description of the method and date of service of the original summons and complaint;

      (ii) whether, if the default is applicable to fewer than all of the defendants, the Court may appropriately order a default judgment on the issue of liability and/or damages prior to resolution of the entire action;

      (iii) the proposed damages and the basis for each element of damages including interest, attorney's fees, and costs; and

      (iv) legal authority for why an inquest would be unnecessary;

   d. copies of all of the pleadings;

   e. a copy of the affidavit of service of the original summons and complaint;

   f. and, if failure to answer is the basis for the default, a Certificate from the Clerk of Court stating that no answer has been filed.

3. File the Order (with all attachments) electronically on ECF. The Clerk's Office will review and approve the Order for form.

4. After the Clerk approves the Order, the Clerk will send the papers to Chambers.

5. After Judge Karas signs the Order, the Court will provide you with a conformed copy to serve on the defendant.

6. Prior to the return date, file the affidavit of service on the defendant of a conformed copy of the Order. The affidavit must be filed electronically on ECF.